UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PABLO EFRAIN OBANDO CUELLAR,

v.  Case No. 8:02-cr-64-T-24EAJ
    8:05-cv-1943-T-24EAJ

UNITED STATES OF AMERICA.

_____

O R D E R

This cause is before the Court on Defendant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cv-1; cr-318).

BACKGROUND

On July 16, 2002, Defendant pled guilty to counts one and two of the first superseding indictment.[1] (Doc. cr-44, cr-290 at 9-10).  Count one charged that from an unknown date through on or about February 11, 2002, while on board a vessel subject to the jurisdiction of the United States, the Defendants:

> each of whom was first brought into the United States at a point in the Middle District of Florida, did knowingly and intentionally, while aiding and abetting each other and other persons unknown to the Grand Jury, possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic controlled substance.
>
> All in violation of Title 46 Appendix, United States Code, Sections 1903(a) and 1903(g); Title 18 United States Code, Section 2; and Title 21 United States Code, Section 841(b)(1)(A)(ii).

Count two charged that from an unknown date through on or about February 19, 2002, while aboard a vessel subject to the jurisdiction of the United States, the Defendants:

---

[1] Defendant's plea was an open plea.  There was no written plea agreement.

> each of whom was first brought into the United States at a point in the Middle District of Florida, did knowingly and willfully combine, conspire, and agree with each other and with other persons unknown to the Grand Jury, to possess with the intent to distribute five (5) kilograms or more of mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, contrary to the provisions of Title 46, Appendix, United States Code, Section 1903(a).
>
> All in violation of Title 46 Appendix, United States Code, Sections 1903(a), 1903(g) and 1903(j); and Title 21 United States Code, Section 841(b)(1)(A)(ii).

(Doc. cr-44).

Prior to the plea, on July 11, 2002, the Government submitted a Notice of Essential Elements and Penalties. (Doc. cr-131). This document notified Defendant that the maximum penalty was life imprisonment on each count. (See also, Plea Hearing Transcript, Doc. cr-290 at 11). Subsequently, on July 12, 2002, the Government prepared and filed an Agreed Version of the Facts (Doc. cr-146), which Defendant signed. This Agreed Version of the Facts included the following paragraph:

> 1. During January and February of 2002, Defendant PABLO EFRAIN OBANDO-CUELLAR (hereinafter Defendant) was a knowing and willing participant in the plan to smuggle approximately twelve (12) tons of cocaine on board the fishing vessel (F/V) Paulo and the Defendant assisted in the possession, with intent to distribute that shipment of cocaine. . .

These facts were reiterated at the plea hearing and the amount of cocaine was quantified as 506 bales with an ultimate weight of approximately twenty-five thousand one hundred eight point four pounds. (Doc. cr-290 at 19). Defendant agreed that he did not dispute the facts the Government set out. (Doc. cr-290 at 21).

On October 4, 2002, the Court sentenced Defendant to 168 months incarceration as to each count, with the sentences to run concurrently. (Doc. cr-199; cr-253 at 23). Judgment was entered. (Doc. cr-203).

Defendant timely appealed, raising one claim: the district court committed plain error by failing to inform him that he had a right against compelled self-incrimination. As a result, he alleged that the plea colloquy was legally insufficient because the district court did not advise him that he had a right to remain silent, to decline to testify on his own behalf, and to avoid being subjected to cross-examination. Further, Obando concluded that he did not knowingly waive his right to a jury trial because he was not told what the consequences of proceeding to trial would entail. (Doc. cr-308 at 9). In essence, he alleged that his plea was involuntary.

On July 19, 2004, the Eleventh Circuit affirmed the conviction and sentence. (Doc. cr-308 at 11). On October 13, 2005, Defendant timely filed the present motion to vacate, raising four grounds for relief.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Defendant's motion to vacate must be **DENIED**.

### Ground One

Defendant alleges that his sentence was imposed in violation of his Sixth Amendment rights in Apprendi v. New Jersey, 530 U.S. 466 (2000). In support, Defendant contends that his sentence was enhanced based upon improper judicial fact-finding. He alleges that he was illegally sentenced for drug amounts not charged in the indictment or proved to a jury beyond a reasonable doubt.

This claim has no merit. The Court sentenced Defendant to 168 months imprisonment on each of two counts with the sentences to run concurrently. This sentence is below the statutory maximum sentence, which was life. In Harris v. United States, 536

U.S. 545, 565 (2002), United States Supreme Court Justice Scalia stated, in a concurring opinion:

> . . . [A]s <u>Apprendi</u> noted, "nothing in this history suggests that it is impermissible for judges to exercise discretion--taking into consideration various factors relating both to offense and offender--in imposing a judgment within the range." <u>Id.</u>, at 481, 120 S.Ct. 2348. That is also why, as <u>McMillan</u> noted, nothing in this history suggests that it is impermissible for judges to find facts that give rise to a mandatory minimum sentence below "the maximum penalty for the crime committed." 477 U.S., at 87-88, 106 S.Ct. 2411. In both instances the judicial factfinding does not "expose a defendant to a punishment greater than that otherwise legally prescribed." <u>Apprendi</u>, <u>supra</u>, at 483, n. 10, 120 S.Ct. 2348. Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. . . The judge may impose the minimum, the maximum, or any other sentence within the range without . . . contradicting <u>Apprendi</u>.

Defendant has not alleged any facts to support his claim that his sentence was imposed in violation of the Sixth Amendment, and ground one does not warrant relief.

### Ground Two

Defendant alleges that he was denied his Sixth Amendment right to effective assistance of counsel because counsel failed to raise an <u>Apprendi</u> issue at sentencing. This claim has no merit because there was no <u>Apprendi</u> issue to raise. Defendant Obando-Cuellar admitted the facts on which his sentence was based.  See <u>Harris</u>, <u>supra</u>; <u>United States v. McKinney</u>, 339 F. Supp. 2d 1314, 1317 (N.D. Fla. 2004)(the statutory maximum for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict <u>or admitted by the defendant</u>).

To prevail on a claim of ineffective assistance of counsel, the Defendant must establish deficient performance and resulting prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984).  Defendant has not alleged facts to prevail on either prong of the

4

Strickland test and ground two does not warrant relief.

## Ground Three

Defendant claims counsel was ineffective for failing to raise an Apprendi issue on appeal and that his plea was not knowing and voluntary. The Eleventh Circuit has set forth the applicable legal principles for reviewing a claim of ineffective assistance of appellate counsel. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991)(Strickland standard applies to ineffective assistance of appellate counsel claims), cert. denied, 502 U.S. 1077 (1992).

> The Supreme Court, on at least two occasions, has had an opportunity to explain the parameters of what constitutes a reasonable strategy for appellate advocates. In Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. The Court suggested that effective advocates "winnow out" weaker arguments even though the weaker arguments may be meritorious. Id. at 751-52, 103 S.Ct. at 3313. The Court in Smith v. Murray, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986), held that an appellate advocate who reviewed the entire record, thought about various claims, and then chose to pursue thirteen claims on appeal had furnished effective appellate assistance. The Court recognized that even though a non-appealed issue might have been successful, the appellate advocacy had to be judged in its entirety.

Heath, 941 F.2d at 1130-31.

Further, the Court has set forth the analysis for the prejudice prong of the two-part test:

> A petitioner has satisfied the prejudice prong of Strickland when he or she can show that the appellate counsel's performance was sufficiently deficient to deprive the defendant of "a trial [or an appeal] whose result [was] reliable." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. In the context of an ineffective assistance on appeal claim, this Court in Cross v. United States, 893 F.2d 1287 (11th Cir. 1990), held that in order to determine prejudice the court must first perform "a review of the merits of the [omitted or poorly presented] claim." Id. at 1290. If the Court finds that the neglected claim would have a reasonable probability of success on appeal, then according to Cross it is necessary to find "appellate counsel's performance prejudicial because it affected the outcome of the appeal." Id.

Id. at 1132.

Defendant cannot show that counsel's performance was deficient or that Defendant was prejudiced for counsel's failing to raise the Apprendi issue on appeal because there was no viable Apprendi claim for appeal. (See above).

### Involuntary Plea Claim

Defendant's claim that his plea was not knowing and voluntary is procedurally barred because he raised the claim on direct appeal. Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a Section 2255 proceeding. Davis v. United States, 417 U.S. 333 (1974); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir. 1981). "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255." United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977)); see also Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995) (section 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue already decided on direct appeal). Defendant has established no extraordinary circumstances that would justify reconsideration of this claim. See Schlup v. Delo, 513 U.S. 298 (1995); Davis v. United States, 417 U.S. 333 (1974). Therefore, Defendant's claim is procedurally barred.

Finally, the United States Supreme Court discussed and explained Apprendi and Blakely v. Washington, 542 U.S. 296 (2004) in United States v. Booker, 125 S.Ct. 738 (2005). Booker, Blakely, and Apprendi are not retroactive on collateral attack. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Accordingly, the Court orders:

That Defendant's 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-318) is denied, with prejudice. The Clerk is directed to enter judgment against Obando-Cuellar in the civil case and to close that case.

ORDERED at Tampa, Florida, on November 14, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA: W. Stephen Muldrow

Pro se: Pablo Efrain Obando Cuellar